IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OMAR ALBERTO RAMIREZ, TDCJ NO. 01072249 § § § | |
| Petitioner, § § | No. 3:25-cv-1655-K-BN |
| V. § § | |
| DIRECTOR, TDCJ-CID, § § | |
| Respondent. § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Omar Alberto Ramirez, a Texas prisoner, submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 relating to his 2001 convictions from Dallas County. *See* Dkt. No. 3, 9. And United States District Judge Ed Kinkeade referred Ramirez's petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

This case was initially opened because Ramirez submitted a motion seeking permission to file his petition out of time, which the undersigned construes as a motion to equitably toll the limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* Dkt. Nos. 3, 4. Because that motion focused on the date his most recent state habeas petition was denied rather than the date his conviction became final, the undersigned issued a questionnaire to Ramirez to provide him with an opportunity to explain why his federal habeas action was not time-barred and what (if anything) prevented him from filing sooner. *See* Dkt. No. 8. And Ramirez filed his responses. *See* Dkt. No. 12.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons set out below, the Court should deny the motion seeking to equitably toll the limitations period and dismiss this federal habeas challenge with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

## Legal Standards

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (citation omitted)).

While "the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329.

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th

Cir. 2010) (per curiam) (cleaned up; quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).

Under the circumstances here, the questionnaire provided notice and Petitioner has had an opportunity to respond. And these findings, conclusions, and recommendation also provide Petitioner fair notice, and the opportunity to file objections to them (further explained below) affords an additional chance to present to the Court his position as to the limitations concerns explained below. *See, e.g.*, *Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that

"begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)

(quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

But "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). So this "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear

that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

**Analysis**

The timeliness of most Section 2254 applications is determined under Subsection A, based on the date on which the judgment became final.

And a state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

In June 2001, Ramirez was convicted of aggravated sexual assault after a jury trial and sentenced to life imprisonment. *See State v. Ramirez*, No. F00-50891 (195th Dist. Ct., Dall. Cnty., Tex. June 6, 2001). He then pled guilty to counts of burglary of a habitation and attempted aggravated sexual assault, two counts of aggravated robbery, and two additional counts of aggravated sexual assault. *See State v. Ramirez*, F00-50892, F00-71574, F00-71816, F00-71817, F00-72109, F00-72185 (195th Dist. Ct., Dall. Cnty., Tex. Nov. 2, 2001). Ramirez appealed his first conviction for

aggravated sexual assault. *See Ramirez v. State*, No. 11-01-00230-CR, 2002 WL 32344501 (Tex. App.—Eastland July 25, 2002, no pet.). But he did not file a petition for discretionary review. So his state criminal judgment became final for federal-limitations purposes on the thirtieth day that was not a Saturday, Sunday, or legal holiday after the final ruling of the court of appeals (on July 25, 2002) when the time to file a petition for discretionary review expired – which was Monday, August 26, 2002. *See* TEX. CODE CRIM. PRO. art. 44.45(b)(2). So the deadline to file a federal habeas petition based on a limitations determination under Subsection A was Tuesday, August 26, 2003.

And Ramirez did not file a state habeas application attacking his convictions until December 31, 2012. *See In re Ramirez*, No. W-0050891-A (195th Dist. Ct., Dall. Cnty. Tex.), *denied*, No. WR-79,962-01 (Tex. Crim. App. Nov. 13, 2013). So the pendency of the state habeas application did not toll the limitations period since the one-year period for seeking relief under Section 2254 expired more than two years before the first state habeas application was filed.

Ramirez's motion seeking equitable tolling focuses on the date he received a ruling on his most recent state habeas application and the reasons that he did not file his federal habeas application within one year of that decision, *see* Dkt. Nos. 3, but that is not the relevant date for the AEDPA limitations period. And neither his motion nor his responses to the Court's questionnaire set out any basis for the timeliness of the petition to be determined under any subsection other than Subsection A.

In his responses to the Court's questionnaire, Ramirez asserts that he is not attacking his sentence or conviction in this case but "only seeking a review of the State's discovery to ensure that the trial court did not seek to withhold evidence that can prove [his] innocence." *See* Dkt. No. 12 at 6. But "[t]he habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (cleaned up). So if Ramirez is not challenging his sentence or conviction, his claims are not properly brought through an application for federal habeas relief.

And "federal habeas corpus relief does not lie for errors of state law." *Id.* (cleaned up). Further, Texas's procedures providing district attorneys discretion over disclosure of evidence unless a court orders discovery through a state habeas proceeding do not violate due process on their face. *See Milam v. Jimerson*, 152 F.4th 678, 683 (5th Cir. 2025) ("Federal courts have routinely upheld state postconviction relief procedures where discovery is based on court approval.").

And to the extent that Ramirez is requesting this Court order discovery from the State, his vague assertion that he would like to inspect the discovery does not meet his burden under the Rules Governing Section 2254 Cases to show good cause. *See* RULE 6(A) OF THE RULES GOVERNING 28 U.S.C. § 2254 CASES; *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). "A petitioner demonstrates 'good cause' under Rule 6(a) where specific allegations before

the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014). Rule 6 "does not authorize fishing expeditions." *Id.*

Ramirez also states that he did not pursue relief sooner because he is not a citizen, has limited understanding of English, is not familiar with American law, and did not initially seek assistance from other prisoners sooner because he was afraid he would be beaten or killed if other prisoners discovered he was convicted of sexual assault. *See* Dkt. No. 12 at 4-5, 7, 13.

But "common problems of inmates who are trying to pursue postconviction habeas relief" do not alone – or even in the aggregate – justify equitable tolling. *Webster v. Stephens*, No. 4:13-cv-859-A, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) ("It is well settled ... that a petitioner's *pro se* status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period." (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999))); *see also Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (per curiam) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling." (citing *Felder*, 204 F.3d at 171-72; *Scott*, 227 F.3d at 263 & n.3)); *Yang v.*

*Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008) (collecting cases finding lack of proficiency in the English language did not amount to extraordinary circumstances warranting equitable tolling).

And, even if any of these reasons were grounds for equitable tolling, Ramirez does not explain why he did not file a federal habeas petition until 2025 despite filing his initial state habeas petition in 2012. *See, e.g.*, Dkt. No. 12 at 5 (explaining that Ramirez was able to obtain assistance starting in 2013).

The Court should therefore deny Ramirez's motion seeking equitable tolling and dismiss the Section 2254 petition with prejudice as time barred.

## Recommendation

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Omar Alberto Ramirez's 28 U.S.C. § 2254 habeas application with prejudice as time barred and deny his motion seeking equitable tolling of the limitations period [Dkt. No. 4]. And the Court should direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 22, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE